This section was divided into three sub-sections. Work upon the sub-section which includes the plaintiff's property was not begun until after July 1, 1873, two months after the section above quoted of chapter 335, Laws of 1873, went into effect, although work upon one of the subdivisions of section 12 E was begun in August, 1872.

In *The Matter of French* (30 Hun, 83; affd., 93 N. Y. 634) an assessment upon property embraced within this particular sub-section for the construction of this sewer was vacated on the ground that the work had not been begun upon the sub-section prior to May 1, 1873, and that the fact that work had been begun upon another subdivision of section 12 E did not render the assessment valid. The case referred to, as held by the learned judge at Special Term, is decisive of the one at bar. (See, also, *Matter of Blodgett*, 91 N. Y. 117.) The plaintiff having paid the assessment without knowledge or notice of the existence of the facts rendering it void, is entitled to recover the sum paid. (*Mutual Life Ins. Co. v. Mayor*, 79 Hun, 482; affd., 144 N. Y. 494.)

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.

---

GEORGE W. MILLAR and Another, as Executors, etc., of JOHN MORTON, Deceased, Appellants, *v.* WILLIAM J. LARMER, Respondent.

*Findings of fact and law — not reviewed on appeal in the absence of exceptions.*

Where the parties appealing from a judgment fail to serve or file exceptions to the decision of the Special Term upon which the judgment was entered, they are not, upon appeal, in a position to challenge the findings of fact or conclusions of law of that court.

APPEAL by the plaintiffs, George W. Millar and another, as executors, etc., of John Morton, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of November,

1894, upon the decision of the court rendered after a trial at the New York Special Term.

*A. B. Cruikshank,* for the appellants.

*A. A. Spear,* for the respondent.

PER CURIAM:

The appellants, not having served or filed exceptions to the decision of the Special Term, are not in a position to challenge the findings of fact or the conclusions of law. The exceptions taken by the appellants to the reception and exclusion of evidence were not argued at the bar of this court, nor on their brief, and besides none of them is tenable.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Judgment affirmed, with costs.

---

ADOLFO CASOLA, Respondent, *v.* FRANCISCO VASQUEZ, Appellant, Impleaded with Another.

*A limited co-partnership agreement — rights of the partners controlled thereby.*

Where co-partners by agreement assume to form a limited co-partnership, fixing the liability of each as between themselves, they cannot thereafter be heard to say in an action between themselves that their rights were not controlled by such agreement.

APPEAL by the defendant, Francisco Vasquez, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1894, denying his motion to vacate an attachment heretofore granted in the action.

*Jones & Govin,* for the appellant.

*Louis Marshall,* for the respondent.

PER CURIAM:

The co-partners, by an agreement, having assumed to form a limited co-partnership, fixing the liability of each as between them-